[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 28, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11507
Non-Argument Calendar
_____

D. C. Docket No. 04-00064-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO JAVIER ALMADA CRUZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 28, 2005)

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Francisco Javier Almada Cruz appeals his convictions for conspiracy to

possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846, and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(c). The convictions were based on a guilty plea.

After pleading guilty, but before the sentencing hearing, Cruz wrote letters to the district court, stating that his attorney had pressured him into accepting the guilty plea, and he wanted to withdraw his plea and receive new counsel. The sole issue on appeal is whether the district court abused its discretion by following a local court rule and striking Cruz's letters, which it construed to be pro se motions to withdraw his guilty plea, without holding a hearing or making further inquiries into the allegations Cruz made.

We review a district court's refusal to hold a hearing only for an abuse of discretion. United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000) (reviewing denial of hearing on issue of standing). We will, like other circuits, also review only for an abuse of discretion a district court's application of local rules. See Cichon v. Exelon Generation Co., L.L.C. 401 F.3d 803, 809-10 (7th Cir. 2005); Fox v. American Airlines, Inc., 389 F.3d 1291, 1294 (D.C. Cir. 2004). Local rules "are effective 'unless modified or abrogated by the judicial council of the relevant circuit.'" Brown v. Crawford County, Ga., 960 F.2d 1002, 1009 n. 10 (11th Cir. 1992)(quoting 28 U.S.C. § 2071(c)(1)).

2

In this case, the local rules that govern the appearance of both counsel and parties before the district court specify that, once an attorney has made a general appearance in a case, counsel cannot withdraw without permission of the district court, and counsel, not the party, is the sole person who can file motions and be heard in the case. M.D. Fla Rules 2.03(b),(d)[1]. That means counseled defendants cannot file their own motions. See M.D. Fla. Rule 2.03(b). The rules are clear, and the district court did not abuse its discretion in applying them.

Because the district court acted within its discretion in striking Cruz's pro se motions, there was no proper motion to withdraw a guilty plea before it. Therefore, the district court did not abuse its discretion in failing to conduct an evidentiary hearing.

To the extent that Cruz is arguing the district court should have construed his letters as a motion to represent himself pursuant to Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525 (1975), that argument is subject to the same fault: it should have been made through counsel. Even if M.D. Fla Rules 2.03(b),(d) should not have been applied to a Faretta motion because of its nature, the district court's failure to conduct a Faretta hearing in this case was still not an abuse of discretion

_____

[1]While the district court did not specifically rely on Rule 2.03 in striking the first of Cruz's two letters, as it did with the second one, we can affirm on any ground that finds support in the record. See United States v. Mejia, 82 F.3d 1032, 1035 (11th Cir. 1996).

because Cruz never "clearly and unequivocally assert[ed] the desire to represent himself." United States v. Teague, 935 F.2d 1525, 1540 (11th Cir. 1992) (internal marks and citation omitted).

**AFFIRMED.**